```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
                                  :
LONNIE HOLMES
                                  :
     v.                           :   Civil Action No. DKC 2007-2830

HOME DEPOT U.S.A., INC.           :

                                  :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment discrimination action is Plaintiff's motion for reconsideration. (Paper 55). The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, Plaintiff's motion for reconsideration will be denied.

**I. Background**

Plaintiff Lonnie Holmes was employed by Defendant Home Depot U.S.A. Inc. from May 14, 2001 until his termination on September 5, 2006. On or about September 19, 2007, Plaintiff filed a complaint in the Circuit Court for Prince George's County asserting two counts against Defendant: (1) racial discrimination in violation of the Prince George's County Code, § 2-222; and (2) violation of the Maryland Wage Payment and Collection Law.[1] The case was later removed to this court. On June 5, 2008, Defendant filed a motion for partial summary judgment on count one, which was later granted.

---

[1] Count two was later dismissed pursuant to a settlement agreement between the parties. (Paper 51).

The court determined that Plaintiff had established a *prima facie* case of discrimination, but that Defendant had presented legitimate, non-discriminatory reasons for terminating Plaintiff, and that Plaintiff has failed to present any evidence of pretext. Plaintiff filed a motion for reconsideration on February 20, 2009. (Paper 55).

## II.  Standard of Review

Courts have recognized three limited grounds for granting a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002)(quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998), *cert. denied*, 538 U.S. 1012 (2003)).  "A motion to reconsider is not a license to reargue the merits or present new evidence." *RGI, Inc. v. Unified Indus., Inc.*, 963 F.2d 658, 662 (4th Cir. 1992)). Motions for reconsideration are "an extraordinary remedy which should be used sparingly."  *Pacific Ins. Co.,* 148 F.3d at 403.

## III.  Analysis

Plaintiff argues that the court erred in finding that he had not presented any evidence of pretext.  Plaintiff points out that Mike Lamb, his supervisor, stated that he had not performed any actions with respect to the College Park store that would have

created a security or loss prevention risk.  (Paper 40, Ex. 4, Lamb. Dep., at 84-85).  In addition, Mr. Lamb stated that he did not recall Plaintiff mishandling a swell investigation.  (*Id*. at 40-41).  Plaintiff insists that Defendant's reasons for firing him must be pretext in light of Mr. Lamb's testimony.  Plaintiff also takes issue with the fact that Mr. Lamb did not believe that Plaintiff mishandled the swell investigation, but failed to convey this information to the individuals who decided to terminate him.

Defendant maintains that Plaintiff's motion for reconsideration is merely a resubmission of his opposition to Defendant's motion for partial summary judgment.  Defendant argues that the court's finding is amply supported by the undisputed facts that Plaintiff states that no employee other than Mr. Lamb ever discriminated against him, that Lamb did not play a role in terminating Plaintiff, and that the panel of investigators, who were the individuals responsible for terminating Plaintiff, never showed any racial animus towards Plaintiff.[2]  Defendant points out that if Plaintiff admits that the decision makers did not

---

[2] The parties disagree as to whether Plaintiff conceded that Mr. Lamb did not play a role in the investigation that led to Plaintiff's termination.  The evidence indicates that Mr. Lamb did not participate in the investigation.  Mr. Lamb stated that he had no role in the investigation and was not privy to any of the findings that were made. (Paper 40, Ex. 4, Lamb Dep., at 103-04). Thomas Mace, one of the individuals who participated in the investigation, also stated that Mr. Lamb was not involved in any aspect of the investigation.  (*Id*., Ex. 6, Mace Dep., at 174).

discriminate against him, it logically follows that their decision could not have been discriminatory.

It is true that Mr. Lamb did not relay his opinion to the investigative team about how Plaintiff handled the swell at the College Park store and Plaintiff claims that his failure to do so led to a decision based on incomplete or inaccurate facts. However, Mr. Lamb's opinion about Plaintiff's performance is of no consequence because it is only the perception of the *decision maker* that is relevant. *See Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 960-61 (4th Cir. 1996). The decision makers in this case were the individuals who led the investigation into Plaintiff's handling of the swell. These individuals uncovered ample evidence that Plaintiff had engaged in improper Return-To-Vendor ("RTV") practices, thereby prompting Plaintiff's termination. Timothy Taylor, one of the individuals involved in the investigation, stated that the investigation uncovered evidence that Plaintiff had knowledge of prior improper RTV misconduct in the region, that Plaintiff could not even recall whether he had ever investigated the improper RTV practices, that Plaintiff could not locate any documentation detailing his investigation of the 2004 College Park swell or the 2006 Brentwood swell, and that Plaintiff had failed to take reasonable care while handling the investigation at the College Park store. (Paper 39, Ex. 1, Taylor Decl., at 2-3). Mr. Taylor also stated that these findings were based in part on interviews with Erika Jameson, a RTV clerk, and Matthew Rankin, the

Loss Prevention Manager at the College Park store.  Both individuals told Mr. Taylor that Plaintiff had failed to correct the RTV misconduct at the College Park store even after he became aware of the improper practices.

Plaintiff has presented no evidence that his termination was a pretext for racial discrimination.  Indeed, the evidence demonstrates that Plaintiff was terminated because the individuals leading the investigation determined that he engaged in improper RTV practices, a reason wholly unrelated to his race.

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for reconsideration will be denied.  A separate Order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
